IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | 4:97-cr-00084-CWH-1 |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| John Anthony Frilando ) | |
| ) | |
| _____) | |

**I.    Background**

On March 5, 1997, John Anthony Frilando (the "defendant") was named in a four-count indictment. On April 28, 1997, he entered into a plea agreement wherein he agreed to plead guilty to Count Two–conspiracy to possess with intent to distribute cocaine and cocaine base–in exchange for the government's agreement to drop the remaining three counts and allow the defendant the opportunity to provide substantial assistance. The defendant pled guilty to Count Two on April 29, 1997. On October 3, 1997, at sentencing, the defendant moved to compel the government to depart downward; in response, the government argued that the defendant's assistance had not been substantial. The Court denied the defendant's motion and sentenced him to 360 months in prison.

On January 5, 1998, well outside the 10-day window allowed, the defendant filed a notice of appeal. On August 24, 1998, the defendant's Court-appointed counsel filed an Anders[1] brief. On December 23, 1998, the Fourth Circuit dismissed the defendant's direct appeal as untimely. United States v. Frilando, 166 F.3d 1210 (4th Cir. 1998) (unpublished per curium opinion).

On August 24, 1999, the defendant, proceeding pro se, filed a motion to vacate, set aside,

---

[1] Anders v. California, 386 U.S. 738 (1967).



or correct his sentence pursuant to 28 U.S.C. § 2255. See Frilando v. United States, Civil Action No. 4:99-02842-CWH. On April 29, 2003, the Court denied his motion, and the defendant appealed. On October 30, 2003, the Fourth Circuit Court of Appeals dismissed the defendant's appeal. United States v. Frilando, 79 F. App'x 599 (4th Cir. 2003) (unpublished per curiam opinion). During the pendency of his § 2255 appeal, the defendant filed a motion to withdraw his guilty plea; the Court denied his motion on June 22, 2004. On October 17, 2008, the defendant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge the underlying validity of his conviction and sentence. On May 7, 2009, the Court dismissed his § 2241 petition after determining that it was, in effect, an unauthorized second or successive § 2255 petition. Thereafter, on April 26, 2010, the defendant filed a petition for writ of error coram nobis. The Court found it to be another unauthorized successive § 2255 petition and summarily dismissed it.

## II.     Standard of Review

The Court is required to construe pro se complaints and petitions liberally. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (noting that allegations in prisoner complaints are held to less stringent standards than those prepared by lawyers); and Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting that pro se documents are to be liberally construed). However, the requirement of liberal construction does not mean that the Court may ignore a clear failure in the pleading to allege facts which set forth a



claim currently cognizable in the federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

### III.    Pending Motions

The defendant has filed four motions that the Court will address in chronological order.[2]

#### A. Motions to dismiss the indictment

The defendant has filed two motions to dismiss the indictment. The defendant argues in his first motion: (1) "the 5 yr limitation for this conpiracy [sic] to exist is not within the 5yr [sic] scope of this indictment;" (2) the U.S. Attorney and the indictment failed to identify the defendant's co-conspirators; and (3) "even though there is mention of two types of drugs (cocaine and cocaine base) there is no mention of any drug amount in the indictment." (ECF No. 51). The defendant then requests the Court "to vacate his sentence and to release the defendant." (ECF No. 51). The defendant's second motion seeks to dismiss the indictment on somewhat similar grounds: (1) the indictment is "so vague and uncertain . . . that it violates the nature and cause of the accusation clause of the sixth amendment [sic] . . . ," (2) the conspiracy in the indictment "should have been barred by the statue [sic] of limitations;" (3) the indictment "[failed] to state a criminal offense" by failing to name the defendant's co-conspirators, failing to state a drug amount, and failing to show the defendant was the leader of the conspiracy; (4) "the indictment is fatally defective for failure to charge an object of the conspiracy . . . ;" and (5) the

---

[2] Since 2008, the defendant has filed several pro se motions pursuant to 28 U.S.C. § 3582 seeking retroactive application of the sentencing guidelines to his sentence. After first denying the defendant a reduction in sentence in 2009, the Court granted a subsequent motion, and reduced the defendant's 360 month sentence to 324 months on Count Two. United States v. Frilando, No. 4:97-cr-00084-1-CWH (D.S.C. Feb. 29, 2012).



"charge of conspiracy . . . violate[s] the nature and cause of the accusation clause of the Sixth Amendment . . . ." (ECF No. 54). The defendant again requests that the Court "vacate his sentence and order the release of this defendant." (ECF No. 54).

As stated above, the defendant pled guilty pursuant to a written plea agreement. The United States Supreme Court has recognized:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Thus, by entering his valid guilty plea, the defendant waived his right to challenge constitutional defects that occurred before the plea, such as alleged defects in the indictment. Moreover, as the defendant is seeking to "vacate his sentence" and to be released, (ECF Nos. 51 & 54), the defendant must proceed under § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255[.]" United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). Therefore, the Court must construe the defendant's motions to dismiss the indictment as petitions filed pursuant to § 2255.

As noted above, the defendant had filed a § 2255 motion on August 24, 1999 which attacked the same conviction and sentence as challenged here, and the Court denied that motion. The defendant appealed this decision to the Fourth Circuit Court of Appeals, which reviewed the record and affirmed the defendant's conviction and sentence. Frilando, 79 F. App'x 599.

Here, the defendant's instant § 2255 motions again mount a challenge to his underlying conviction and sentence. Because the defendant has previously filed a § 2255 petition regarding the same conviction and sentence which was adjudicated on the merits, the present petitions are successive.[3] A defendant cannot bring a second or successive § 2255 petition without certification from the Court of Appeals that the petition deals with newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h); see In re Jones, 226 F.3d 328, 330 (4th Cir. 2000). A defendant cannot circumvent this rule by describing his motion as something other than one pursuant to § 2255, and this Court has the responsibility to classify such a pleading according to its contents, not its caption. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). As the defendant's motions are, in fact, successive § 2255 petitions filed without certification from the Court of Appeals, the petitions (ECF Nos. 51 & 54) are denied.

**B. Motion for writ of audita querela**

The defendant again attempts to launch a collateral attack on his sentence by filing a pro se petition for a writ of audita querela, pursuant to the All Writs Act, 28 U.S.C. § 1651(a).[4] (ECF No. 62). The defendant states none that of his claims "[a]re cognizable under any other existing scheme of Federal post-conviction remedies." (ECF No. 62, at 1).

A writ of audita querela is available only in criminal cases "to the extent that it fills in gaps in the current system of post-conviction relief." Massey v. United States, 581 F.3d 172, 174

---

[3] The standard for determining whether a petition is successive appears in Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) (to qualify as a "successive" petition, the prior petition must have been adjudicated on the merits).

[4] A writ of audita querela "challenges a judgment that was correct at the time entered, but was subsequently rendered infirm." Johnson v. United States, No. 4:02-cr-0579-CWH-1, 2012 WL 3011785, at *2 (D.S.C. July 23, 2012) (citation omitted).



(3d Cir. 2009) (per curiam) (citations omitted). However, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). Of course, the "means to collaterally challenge a federal conviction or sentence" is through a motion pursuant to 28 U.S.C. § 2255, not through a petition for a writ of audita querela. Massey, 581 F.3d at 174. And, if § 2255 proves "inadequate or ineffective" to test the legality of his detention, a defendant may file a petition under 28 U.S.C. § 2241. Id. at n.1.

While the Antiterrorism and Effective Death Penalty Act ("AEDPA") limits the rights of a prisoner to file a successive motion, "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (per curiam)); see also In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (concluding that, even if the limitations of AEDPA foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal prisoners, "it would be senseless to suppose that Congress permitted them to pass through the closed door [by way of the All Writs Act] simply by changing the number 2241 to 1651 on their motions").

The defendant claims that the Court treated his sentencing in 1997 "as if the guidelines were mandatory, rather than advisory, [and this] was [an] error" based on United States v. Booker, 543 U.S. 220 (2005). (ECF No. 62, at 3). The defendant contends that Booker "represent[s] newly created rights . . . " and "represents a newly existing legal defense" now before the Court on this motion. (ECF No. 62, at 1, 4). The defendant's argument is without merit. The Fourth Circuit Court of Appeals has squarely held that the rule announced in Booker



is not retroactive and, therefore, "not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker . . . was decided." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). The Court also notes the defendant raised the same argument in his § 2255 petition and in his motion for a writ of error coram nobis, both of which were dismissed. See Frilando v. United States, Civil Action No. 4:99-2842-12 (D.S.C. Apr. 29, 2013); United States v. Frilando, Civil Action No. 4:10-1018-CMC-TER, 2010 WL 3218643 (D.S.C. Aug. 12, 2010).

As the recitation of procedural history set forth above makes clear, the defendant already has availed himself of several procedural mechanisms, including a § 2255 petition, a § 2241 petition, and a § 3582 motion, in an attempt to collaterally challenge his sentence. Although the defendant argues his claims are not "cognizable under any other existing scheme of [f]ederal post-conviction remedies[,]" (ECF No. 62, at 1), the fact that these entreaties have been unsuccessful does not mean that the writ of audita querela is available to him. Moreover, his judgment became final several years before the United States Supreme Court's decision in Booker; therefore, Booker is not applicable to defendant's case. The defendant's petition for a writ of audita querela (ECF No. 62) is denied.

### C. Motion to withdraw guilty plea

The defendant's final motion seeks to withdraw his guilty plea because he was "induced" and "mislead [sic] into entering into a plea agreement with the [g]overnment by his lawyer . . ." and "the crime that he plead [sic] guilty to is not the crime that the [defendant] commtted [sic]." (ECF No. 73, at 1, 2).



Rule 11(e) of the Federal Rules of Criminal Procedure states that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty . . . and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e). In this case, the defendant correctly observes that a Court must consider six factors when determining whether a defendant has met his burden to withdraw a guilty plea under Federal Rule of Criminal Procedure 32(d). See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

> The factors include (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id. (citations omitted). However, the six factors presented in Moore provide no support for his motion. The defendant has been sentenced, and therefore he may not withdraw his plea of guilty at this point. Rule 11(e) provides two avenues by which a defendant may seek to set aside his guilty plea–direct appeal or collateral attack. Although the defendant filed a direct appeal, the Fourth Circuit Court of Appeals dismissed the appeal as untimely. Frilando, 166 F.3d 1210. In addition, the defendant has previously filed a § 2255 petition collaterally attacking his sentence, and that petition was dismissed by the Fourth Circuit Court of Appeals. Frilando, 79 F. App'x 599. And, as noted above, on June 22, 2004, the Court denied an earlier motion by the defendant to withdraw his guilty plea. As there is no possibility of setting aside the guilty plea at this juncture, the defendant's motion (ECF No. 73) is denied.



### IV.   Conclusion

For the reasons stated above, the defendant's motions (ECF Nos. 51, 54, 62 & 73) are denied. In addition, because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[5]

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

August 5, 2013
Charleston, South Carolina

---

[5] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

