IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America | ) | 4:97-cr-00084-CWH-1 |
|---|---|---|
| vs. | ) | |
| | ) | **ORDER** |
| John Anthony Frilando | ) | |

On August 24, 2015, John Anthony Frilando (the "defendant") filed a pro se motion titled:

> Motion for the Records That Will Show Who Was Given What Property That Was in Possession of the Government. Records That Will Also Show Who Gave the Order for Any Thing to be Forfeited to the Government.

(ECF No. 194 at 1).

The Court is charged with liberally construing pro se complaints and motions. <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978). From the title of the pleading and the motion's claim that "The Government has never provided any request stating that the currency will be forfeited over to anyone[,]" (ECF No. 194 at 2), it appears that the defendant is specifically seeking information regarding the disposition of $5,000.00 in currency. The Court draws this conclusion from the defendant's previously-filed motion titled "Motion for Return of Property" which sought the return of ten enumerated items of property, including "5,000.00 U.S. Currency Ex. No. 125 Check # 0029348[.]" (ECF No. 34 at 3, ¶ 3). In response to the defendant's motion, the government stated on May 19, 2004: "The Government is informed and believes that any property in possession of the Government that belonged to Mr. Frilando has long since been returned to his relatives or forfeited to the United States government." (ECF No. 40 at 1).



In his present motion, the defendant claims that he never received the government's May 19, 2004 response in opposition to his prior motion, and objects to the Court's entry of an Order on June 23, 2004 (ECF No. 43) which held that his motion was moot, given the government's response. (ECF No. 194 at 2). However, the defendant did not file a motion with the Court seeking relief from the June 2004 Order, nor did he appeal that Order. To the extent that the present motion seeks to correct the Order, the Court holds that his motion is untimely.

Furthermore, to the extent that the defendant's motion seeks the "Records That Will Also Show Who Gave the Order for Any Thing to be Forfeited to the Government" (ECF No. 194 at 1), the Court directs the defendant's attention to the plea agreement between the defendant and the government, filed on April 29, 1997, which states in pertinent part:

> 7. The Defendant, **JOHN ANTHONY FRILANDO**, agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. . . .

ECF No. 22 at ¶ 7). By the express terms of the plea agreement, the defendant agreed to the forfeiture of certain property to the government. As indicated by the Notice of Seizure sent to the defendant by the United States Department of Justice Drug Enforcement Administration, the defendant's property, listed as $5,000.00 in United States currency, was "seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture under [21 U.S.C § 881] because it was used or acquired as a result of a drug-related offense."[1] (ECF No. 132-1 at 1 &

---

[1] The defendant had attached copies of the Notice of Seizure to a "Notice of Demand" which he filed with the Court on March 20, 2013. (ECF No. 132). Thus, as of that date, the defendant was well aware that his currency had been forfeited to the DEA, as his Notice of Demand sought the return of the currency. (Id.).



132-2 at 1). Therefore, as the defendant knows, the currency had been forfeited to the DEA in 1997.

In conclusion, for the foregoing reasons, the defendant's motion (ECF No. 194) is hereby denied.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

February 9, 2016
Charleston, South Carolina

