

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 4:97-00084-MGL |
| | § |
| JOHN ANTHONY FRILANDO, | § |
| Defendant. | § |

**ORDER DENYING MOTION TO VACATE WARRANT FOR ARREST**

Pending before the Court is Defendant John Anthony Frilando's (Frilando) pro se motion to vacate the warrant for his arrest issued on June 5, 2019. The Court has consulted with the United States Probation Office (USPO), which is opposed to the motion. As the Court easily determines the motion lacks merit, it refrained from to requiring a response from the government.

On October 3, 1997, then-Chief Judge C.W. Houck sentenced Frilando to 360 months imprisonment, followed by five years of supervised release, pursuant to his conviction of conspiracy to distribute narcotics under 21 U.S.C. §§ 841(a)(1) and 846. Judge Houck reduced Frilando's sentence twice, most recently on May 7, 2015, to 262 months incarceration. The period and conditions of supervised release remained unchanged.

Frilando began his supervision on October 9, 2014. On June 5, 2019, the Clerk of Court transferred the case to the undersigned Judge when the USPO petitioned for an arrest warrant based on Frilando's Georgia state conviction for Aggravated Stalking following a jury trial. The USPO advised the Court the state court sentenced Frilando to ten years incarceration followed by ten years of probation.

The Court issued the warrant the same day. On July 20, 2022, Frilando moved to vacate the warrant, insisting that he lacked notice of the no-contact order the Georgia jury had convicted him of violating.

Generally, a Court may issue an arrest warrant only if it determines there is probable cause to believe the suspect committed the alleged offense. *Henderson v. Simms*, 223 F.3d 267, 271 (4th Cir. 2000). "Whether probable cause exists in a particular situation always turns on two factors in combination: the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." *Id.* (internal quotation marks and alterations omitted).

As a condition of Frilando's supervised release, Judge Houck ordered that Frilando refrain from committing another federal, state, or local crime. Frilando was then convicted of Aggravated Stalking in Georgia. Even though he claims the conviction is invalid, it is sufficient to establish probable cause "to warrant a prudent man in believing" Frilando has violated the conditions of his release. *See Gerstein v. Pugh*, 420 U.S. 103, 111–12 (1975) (internal quotation marks omitted) (explaining "[t]he rule of probable cause is a practical, nontechnical conception" that balances the interest in protecting against unfounded charges and in community protection).

Accordingly, the warrant in this case is based upon sufficient probable cause. Therefore, having carefully considered the motion, the USPO's opposition, the record, and the relevant law, the motion to vacate the arrest warrant, ECF No. 207, is **DENIED**.

  **IT IS SO ORDERED.**

Signed this 31st day of August 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
